FILED
SEP 10 2007
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**UNITED STATES OF AMERICA,**

v.  **CRIMINAL NO. 2:07cr137**

**YULIA A. KROSHNEVA,**

**Defendant.**

## ORDER AND OPINION

On August 29, 2007, the court heard oral argument with respect to the defendant's motion to suppress. Based upon the totality of the circumstances, the credibility of the witnesses, the briefs submitted by the parties, the arguments of counsel at the hearing, and for the reasons stated on the record and set forth below, the court finds that the defendant's motion to suppress should be denied because the defendant's confession was voluntarily made and occurred within the six hour safe harbor provided by 18 U.S.C. § 3501. Additionally, this court finds that the defendant had a sufficient grasp of the English language to make a valid waiver of her Miranda rights and that at no time during the interview or prior to making a statement did she request an attorney or an interpreter, or to speak with her consulate.

**I.     Factual Background**

The defendant is a Russian national who entered the United States on June 2006. During her time in the United States, she has lived in the Brighton Beach area of New York, where she had previously resided on her prior visit to the United States. On April 26, 2007, the defendant traveled to Norfolk to meet with Special Agent Ryan Gwozdz, who was working undercover as part of a Naval Criminal Investigative Services (NCIS) marriage fraud investigation, to make arrangements to get married at a later date. Subsequent to this meeting, the defendant and Special Agent Gwozdz

had several telephone conversations in English, some of which Special Agent Gwozdz recorded, about various aspects of their future marriage including their living arrangements and obtaining joint medical insurance, joint cell phone accounts, and military identification. During these phone calls, the defendant and Special Agent Gwozdz agreed that the defendant would travel to Norfolk on June 25, 2007 and they would get married on June 27, 2007.

On June 27, 2007, at approximately 12:30 p.m., NCIS Special Agents Andrea Hosken and Mark Garhart arrested the defendant outside of the Norfolk Circuit Court after she and Special Agent Gwozdz went through a sham marriage ceremony. Special Agent Gwozdz had previously obtained an arrest warrant from United States Magistrate Judge James W. Bradberry earlier that morning. Immediately following the arrest, the NCIS agents transported the defendant to the NCIS offices for the purposes of processing her and obtaining her statement.

Upon arrival at the NCIS offices at approximately 1:00 p.m., the NCIS Special Agents recorded the defendant's identifying information, including her name, address, next of kin, spouse's information, and educational background. The NCIS Special Agents next presented the defendant with the "Civilian Suspect's Acknowledgment and Waiver of Rights" form which detailed her rights. Special Agent Hosken read the form to the defendant, informed the defendant of what she was being charged with, and went over each of the defendant's rights. The defendant refused to sign or initial the form but indicated that she would be willing to talk to the Special Agents and that she understood her rights and verbally waived them. From approximately 1:30 p.m. to 3:15 p.m., Special Agents Hosken and Garhart interviewed the defendant. The defendant took one break during the interview to smoke a cigarette, at which time Special Agent Hosken called Special Agent Gwozdz to confirm or deny various aspects of the defendant's story and to determine if any additional questions needed

to be asked. Both Special Agents Hosken and Garhart testified that at no point during the interview did the defendant request an attorney, an interpreter or to speak with her consulate.

At approximately 3:15 p.m., the defendant and Special Agent Hosken began preparing the defendant's statement. Special Agent Hosken gave the defendant the opportunity to type her statement, handwrite her statement or have Special Agent Hosken type the statement while the defendant dictated. The defendant chose the latter option, and Special Agent Hosken typed the defendant's statement as dictated to her. Afterwards, the defendant examined and edited the statement, making numerous corrections by crossing things out and adding additional details in English. At approximately 3:45 p.m., the defendant initialed the statement and then the Special Agents fingerprinted and photographed her. The defendant was then taken to the Norfolk City Jail, where she was received at approximately 5:05 p.m. The defendant was picked up at approximately 10:00 a.m. the following morning to be taken before a federal magistrate judge.

II. Analysis

*A. The defendant's statement will no be suppressed for unreasonable delay because the statement was voluntarily given within the six hour safe harbor period provided by* 18 U.S.C. § 3501.

Federal Rule of Criminal Procedure 5(a) mandates that a defendant be taken "without unnecessary delay before a magistrate judge" after his arrest. Fed. R. Crim. P. 5(a). The Supreme Court, in McNabb v. United States, 318 U.S. 332 (1943) and Mallory v. United States, 354 U.S. 449 (1957), held that the exclusionary rule applied to statements made by defendants if there was an unnecessary delay in arraigning the defendants in violation of Rule 5(a). See Mallory, 354 U.S. at 454. The Court examined the purpose behind Rule 5(a), finding that "it is part of the procedure . . . for safeguarding individual rights without hampering effective and intelligent law enforcement."

3

Mallory, 354 U.S. at 453. In Mallory, the Court offered guidance on when a delay could be considered unnecessary:

> Circumstances may justify a brief delay between arrest and arraignment, as for instance, where the story volunteered by the accused is susceptible of quick verification through third parties. But the delay must not be of a nature to give opportunity for the extraction of a confession.

Id. at 455. The Court was concerned with the possibility that "[i]n every case where the police resort to interrogation of an arrested person and secure a confession, they may well claim, and quite sincerely, that they were merely trying to check on the information given by them." Id. at 455-56.

Congress enacted the Omnibus Crime Control and Safe Streets Act of 1968, partially as an effort to curb the effect of the McNabb-Mallory rule. See United States v. Perez, 733 F.2d 1026, 1032 n.4 (2d Cir. 1984) (noting that the goal of the legislation was "to offset the harmful effects of the Mallory case"). Subsection (a) of the statute states that "a confession . . . shall be admissible into evidence if it is voluntarily given." 18 U.S.C. § 3501(a). Subsection (b) goes on to provide a nonexclusive list of five factors the court should consider in making a determination of voluntariness including

> (1) the time elapsing between arrest and arraignment of the defendant . . . if [the confession] was made after arrest and before arraignment, (2) whether such defendant knew the nature of the offense with which he was charged . . ., (3) whether or not such defendant was advised or knew that he was not required to make any statement and that any such statement could be used against him, (4) whether or not such defendant had been advised prior to questioning of his right to the assistance of counsel, and (5) whether or not such defendant was without the assistance of counsel when questioned and when giving such confession.

18 U.S.C. § 3501(b). Subsection (c) of § 3501 addresses the admissibility of in-custody confessions obtained during the delay in presentment to a magistrate judge and states that

> [i]n any criminal prosecution by the United States . . . a confession made or given by

> a person who is a defendant therein, while such person was under arrest or other detention in the custody of any law-enforcement officer or law-enforcement agency, shall not be inadmissible solely because of delay in bringing such person before a magistrate judge . . . if such confession is found by the trial judge to have been made voluntarily and if the weight to be given the confession is left to the jury and if such confession was made or given by such person within six hours immediately following his arrest or other detention . . . .

18 U.S.C. § 3501(c). 18 U.S.C. § 3501 clearly states that if a confession is voluntarily made within six hours of arrest, then the delay in presenting the defendant before the magistrate is an insufficient basis to suppress a confession even if that delay is found to be unreasonable.

The Fourth Circuit has held that a confession is admissible even if there had been undue delay so long as the statement was voluntarily given prior to such delay. See United States v. Seohnlein, 423 F.2d 1051, 1053 (4th Cir.), cert. denied, 399 U.S. 913 (1970). The defendant in Seohnlein attempted to suppress his confession made approximately three hours after his arrest on the grounds that the police violated his Rule 5 right to be taken promptly before a magistrate. Id. at 1053. The Fourth Circuit held the evidence was properly admitted because police obtained the confession prior to the passage of time that rendered the defendant's detention unreasonable and the defendant was not subjected to extensive interrogations by the police. Id. Additionally, in United States v. Dodier, 630 F.2d 232 (4th Cir. 1980), the Fourth Circuit held that the "delay in promptly presenting the accused to a magistrate [judge] is a significant factor bearing on the voluntariness issue" but because the defendant's statements were made an hour after being detained and there were no other circumstances to indicate that the statements were not voluntarily made, they would not be suppressed. Id. at 236. .

It is undisputed from the facts in this case that the defendant's statement to the NCIS agents occurred within six hours of her arrest. It also appears from the facts of this case that the delay in

presenting the defendant before the magistrate judge may have been unnecessary. The NCIS Special Agents were knowledgeable of the 3:00 p.m. deadline in this court for presenting the defendant before the magistrate judge and had sufficient time to present her before a magistrate judge on the date of her arrest. The federal courthouse is less than a mile from the place of arrest and the defendant could have been processed at the federal courthouse. The NCIS Special Agents, however, chose to take the defendant to their offices to interview the defendant, resulting in her delayed appearance before a magistrate judge. However, there is no indication from the evidence presented at the hearing that the defendant's statement was not voluntarily given. Therefore, while the delay in defendant's appearance before a magistrate judge may have been unnecessary, her confession was voluntarily given and taken within six hours of her arrest and therefore will not be suppressed in accordance with 18 U.S.C. § 3501. If this section had not been enacted, the defendant's statement would have been suppressed.

*B. The defendant knowingly, intelligently and voluntarily waived her <u>Miranda</u> rights.*

For the reasons stated on the bench, this court finds that the defendant had a sufficient grasp of the English language and understood her <u>Miranda</u> rights as they were recited to her and validly waived those rights in her subsequent interview with the NCIS Special Agents. Some of those reasons include the defendant's recorded conversation in English with Agent Gwozdz, organizing the trip to Virginia for the marriage, preparations for the living arrangements after the marriage, and various items needed for the marriage to appear valid. The defendant also testified that she studied English for six years in Russia. Additionally, the defendant made detailed changes in English to her typed statement, further indicating her understanding of the English language. It is clear from the evidence presented at the hearing that the defendant sufficiently understood what was being said to

her by the Special Agents, understood her <u>Miranda</u> rights as stated to her by Agent Hosken, and verbally waived those rights prior to making her statement.

*C. The defendant did not assert her right to an attorney, ask for an interpreter, or ask to speak to a consulate prior to making her statement to the NCIS Special Agents.*

For the reasons stated on the bench, this court finds that the NCIS agents did not ignore the defendant's right to an attorney, her request for an interpreter or her request to speak to her consulate. The evidence presented at the hearing establishes that the defendant did not assert her right to an attorney or ask for an interpreter or to speak to her consulate during the interview or prior to making any statement to the NCIS agents.

### III. Conclusion

For the reasons stated on the record, and for those discussed above, the defendant's motion to suppress is **DENIED**.

The Clerk is **REQUESTED** to send a copy of this Order to the defendant's counsel and the United States Attorney.

It is so **ORDERED**.

/s/   Jerome B. Friedman
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
September 10, 2007